IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT LOUIS WATKINS,

    Plaintiff,                         No. CIV S-10-0620 LKK DAD PS

    v.

JAMIE POPE, et al.,                   ORDER

    Defendants.

_____/

    This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

    Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a)(1).  Plaintiff's request for leave to proceed in forma pauperis will therefore be granted.

    The determination that plaintiff may proceed in forma pauperis does not complete the inquiry required by the statutes.  Under 28 U.S.C. § 1915(e)(2), the court is required to dismiss an in forma pauperis case at any time if the plaintiff's allegations of poverty is untrue or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  To state a claim on which relief may be

granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

Here, in his complaint plaintiff merely alleges that the named defendants:

> Refuse to pay my retirement for state employment and threaten to take my constitutional right of freedom!!! And also refuse to provide documentation of my contribution and investments.

(Compl. (Doc. No. 1) at 1.)

The quoted allegation reproduced above represents plaintiff's complaint in its entirety. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels

1  and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor
2  does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual
3  enhancements.'" Ashcroft v. Iqbal, --- U.S.---, ---, 129 S. Ct. 1937, 1949 (2009) (quoting
4  Twombly, 550 U.S. at 555, 557.  A plaintiff must allege with at least some degree of particularity
5  overt acts which the defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at
6  649.  A complaint must also contain "a short and plain statement of the grounds for the court's
7  jurisdiction" and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(1) & 8(a)(3).
8       Here, plaintiff's complaint is so factually sparse, vague and conclusory that it fails
9  to satisfy the minimum requirements for a civil complaint in federal court and does not state a
10 cognizable claim.  Accordingly, plaintiff's complaint will be dismissed for failure to state a
11 claim.
12       The undersigned has carefully considered whether plaintiff may amend his
13 complaint to state a claim upon which relief can be granted.  "Valid reasons for denying leave to
14 amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg.
15 Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake
16 Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that
17 while leave to amend shall be freely given, the court does not have to allow futile amendments).
18 However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be
19 dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in
20 support of his claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221,
21 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972).  See also Weilburg v.
22 Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to
23 amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be
24 cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir.
25 1988)).
26 /////

Here, because of the vague and conclusory nature of plaintiff's complaint the court cannot say that it appears beyond doubt that leave to amend would be futile. Plaintiff's original complaint will therefore be dismissed, and he will be granted leave to file an amended complaint. Plaintiff is cautioned however that, if he elects to file an amended complaint, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 1950. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 1951 (quoting Twombly, 550 U.S. at 557).

Plaintiff is also reminded that any amended complaint he elects to file in this action must be complete in itself without reference to prior pleadings that have been dismissed. See Local Rule 220. The court cannot refer to prior pleadings in order to make plaintiff's first amended complaint complete. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Moreover, any amended complaint must set forth factual allegations describing the conduct and events which underlie his claims against each defendant named in the pleading.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's March 17, 2010 application to proceed in forma pauperis (Doc. No. 2) is granted.

2. The complaint filed March 17, 2010 (Doc. No. 1) is dismissed with leave to amend.

3. Within thirty days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice. The amended compliant must bear the case number assigned to this action and must be titled "Amended Compliant."

/////

4. Failure to respond to this order in a timely manner may result in a recommendation that this action be dismissed.

DATED: May 16, 2011.

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.prose\watkins0620.ifp.ord