IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT LOUIS WATKINS,

    Plaintiff,                    No. CIV S-10-0620 LKK DAD PS

    v.

JAMIE POPE, et al.,               ORDER

    Defendants.

_____/

        Plaintiff, Robert Watkins, is proceeding in this action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915 against the California Public Employees Retirement System, ("CALPERS"), and an individual named Jamie Pope. The case was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court is plaintiff's amended complaint.

        Under 28 U.S.C. § 1915(e)(2), the court must dismiss the complaint at any time if the court determines that the pleading is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably

1

meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, --- U.S.---, ---, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555, 557. A plaintiff must allege with at least some degree of particularity

/////

overt acts which the defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.

Here, in his amended complaint plaintiff alleges that the defendants discriminated against him based on his race.  In this regard, plaintiff alleges that:

> Plaintiff Watkins has been employee (sic) for 17 years and is currently eligible for retirement as he has attained the age of 50. He sought an accounting, and information as to the process for retiring with a pension.  After his requests for information on his account, and retirement by mail did not produce a response, he went in person to CALPERS.  [Defendant] Pope said they could not help him, and that he was to leave immediately, or police would remove him from the premises.  The confrontation caused him to have a heart attack which resulted in transport by ambulance to Mercy General.[1]

(Am. Compl. (Doc. No. 12) at 2.)  Plaintiff states that this action arises under 42 U.S.C. § 1981 and that he seeks "to redress the deprivation of civil rights arising under the Constitution of the United States."  (Id. at 1.)  Plaintiff's amended complaint, however, is deficient in several respects.

First, § 1981 is not "a general proscription of racial discrimination . . . it expressly prohibits discrimination only in the making and enforcement of contracts."  Patterson v. McLean Credit Union, 491 U.S. 164, 176 (1989).  See also Georgia v. Rachel, 384 U.S. 780, 791 (1966) ("The legislative history of the 1866 Act clearly indicates that Congress intended to protect a limited category of rights").

> In this respect, [§ 1981] prohibits discrimination that infects the legal process in ways that prevent one from enforcing contract rights, by reason of his or her race, and this is so whether this discrimination is attributed to a statute or simply to existing practices.  It also covers wholly private efforts to impede access to the courts or obstruct nonjudicial methods of adjudicating disputes about the force of binding obligations, as well as discrimination by

---

[1] The passage reproduced above concludes with the citation "See exhibits."  (Am. Compl. (Doc. No. 11) at 2.)  However, plaintiff did not file any exhibits with his amended complaint.

3

1         private entities, such as labor unions, in enforcing the terms of a
2         contract.

3 Patterson, 491 U.S. at 177. "Any claim brought under § 1981, therefore, must initially identify

4 an impaired 'contractual relationship,' § 1981(b), under which the plaintiff has rights."

5 Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 476 (2006). "[A] plaintiff cannot state a claim

6 under § 1981 unless he has (or would have) rights under the existing (or proposed) contract that

7 he wishes 'to make and enforce.'" (Id. at 479-80.)

8         Here, plaintiff's amended complaint is devoid of any allegations regarding a

9 contractual relationship between the parties.

10         Second, a litigant who complains of a violation of a constitutional right does not

11 have a cause of action directly under the United States Constitution. Livadas v. Bradshaw, 512

12 U.S. 107, 132 (1994) (affirming that it is 42 U.S.C. § 1983 that provides a federal cause of action

13 for the deprivation of rights secured by the United States Constitution); Chapman v. Houston

14 Welfare Rights Org., 441 U.S. 600, 617 (1979) (explaining that 42 U.S.C. § 1983 was enacted to

15 create a private cause of action for violations of the United States Constitution); Azul-Pacifico,

16 Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir. 1992) ("Plaintiff has no cause of action

17 directly under the United States Constitution.").

18         Title 42 U.S.C. § 1983 provides that,

19     [e]very person who, under color of [state law] . . . subjects, or
    causes to be subjected, any citizen of the United States . . . to the
20     deprivation of any rights, privileges, or immunities secured by the
    Constitution and laws, shall be liable to the party injured in an
21     action at law, suit in equity, or other proper proceeding for redress.

22 The statute requires that there be an actual connection or link between the actions of the

23 defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dep't of

24 Soc. Servs. City of New York, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A

25 person 'subjects' another to the deprivation of a constitutional right, within the meaning of §

26 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform

an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In order to state a cognizable claim under § 1983 the plaintiff must allege facts demonstrating that he was deprived of a right secured by the Constitution or laws of the United States and that the deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). It is the plaintiff's burden in bringing a claim under § 1983 to allege, and ultimately establish, that the named defendants were acting under color of state law when they deprived him of a federal right. Lee v. Katz, 276 F.3d 550, 553-54 (9th Cir. 2002).

Here, plaintiff alleges that defendant Pope, "under color of law . . . refused to assist plaintiff, insulted him, threatened him with arrest, and did in fact call [the] police." (Am. Compl. (Doc. No. 12) at 3.) In this regard, plaintiff alleges that defendant Pope "discriminated against plaintiff based on his race by acting hostile towards a reasonable request to provide information with respect to his retirement account." (Id. at 4.) Plaintiff, however, has failed to allege exactly what right secured by the Constitution or laws of the United States he was deprived of and precisely how he was deprived of that right. In this regard, plaintiff has not even alleged facts supporting his assertion that defendant Pope discriminated against him because of plaintiff's race.

Finally, plaintiff's amended complaint attempts to maintain an action against CALPERS, a state agency, and Jamie Pope, a state official acting "within the course and scope of

her employment," for damages and equitable relief.  (Am. Compl. (Doc. No. 12) at 2, 4.)
In general, the Eleventh Amendment bars suits against a state, absent the state's affirmative waiver of its immunity or congressional abrogation of that immunity.  Pennhurst v. Halderman, 465 U.S. 89, 98-99 (1984); Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003); Yakama Indian Nation v. State of Wash. Dep't of Revenue, 176 F.3d 1241, 1245 (9th Cir. 1999); see also Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ., 616 F.3d 963, 967 (9th Cir. 2010) ("The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state.").

   To be a valid waiver of sovereign immunity, a state's consent to suit must be "unequivocally expressed in the statutory text."  Lane v. Pena, 518 U.S. 187, 192 (1996).  See also Pennhurst, 465 U.S. at 99; Yakama Indian Nation, 176 F.3d at 1245.  "[T]here can be no consent by implication or by use of ambiguous language."  United States v. N.Y. Rayon Importing Co., 329 U.S. 654, 659 (1947).  Courts must "indulge every reasonable presumption against waiver," Coll. Sav. Bank v. Florida Prepaid, 527 U.S. 666, 682 (1999), and waivers "must be construed strictly in favor of the sovereign and not enlarged beyond what the [statutory] language requires."  United States v. Nordic Village, Inc., 503 U.S. 30, 34 (1992) (citations, ellipses, and internal quotation marks omitted).  "To sustain a claim that the Government is liable for awards of monetary damages, the waiver of sovereign immunity must extend unambiguously to such monetary claims."  Lane, 518 U.S. at 192.  Finally, the Ninth Circuit has recognized that "[t]he State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity."  Brown v. California Dept. of Corrections, 554 F.3d 747, 752 (9th Cir. 2009) (quoting Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999)).

   The Eleventh Amendment also bars federal suits, whether seeking damages or injunctive relief, against state officials where the state is the real party in interest.  Pennhurst, 465

1  U.S. at 101-02. "Eleventh Amendment immunity also shields state officials from official
2  capacity suits." Krainski, 616 F.3d at 967. However, in Ex Parte Young, 209 U.S. 123, (1908),
3  the Supreme Court held that federal courts have jurisdiction over suits against state officers to
4  enjoin official actions that violate federal statutory or constitutional law, even if the state itself is
5  immune from suit under the Eleventh Amendment. Sofamor Danek Group, Inc. v. Brown, 124
6  F.3d 1179, 1183-84 (9th Cir. 1997) (citing Ex Parte Young, 209 U.S. at 155-56; Natural
7  Resources Defense Council v. Cal. Dep't of Transp., 96 F.3d 420, 422-23 (9th Cir. 1996) (citing
8  Ex Parte Young). Thus, "a plaintiff may . . . maintain a federal action to compel a state official's
9  prospective compliance with the plaintiff's federal rights." Indep. Living Ctr. of S. Cal., Inc. v.
10 Maxwell-Jolly, 572 F.3d 644, 660 (9th Cir. 2009) (citing Ex Parte Young).

11         Here, plaintiff has named CALPERS, a state agency, as a defendant. However,
12 plaintiff's § 1983 claim against CALPERS is barred regardless of the relief he seeks. See
13 Krainski, 616 F.3d at 967; Brown, 554 F.3d at 752. With respect to defendant Pope, because the
14 allegations found in plaintiff's amended complaint are so sparse, vague and conclusory, it is
15 unclear as to whether plaintiff is seeking to compel Pope's prospective compliance with
16 plaintiff's federal rights.

17         Accordingly, for the reasons cited above, plaintiff's amended complaint will be
18 dismissed for failure to state a claim.

19         The undersigned has carefully considered whether plaintiff may further amend his
20 complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to
21 amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg.
22 Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake
23 Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that
24 while leave to amend shall be freely given, the court does not have to allow futile amendments).
25 However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be
26 dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972). See also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

Here, because the allegations found in plaintiff's amended complaint are so vague and conclusory the court cannot say that it appears beyond doubt that further leave to amend would be futile. Out of an abundance of caution, plaintiff's amended complaint will therefore be dismissed, and he will be granted further leave to file an amended complaint. Plaintiff is again cautioned however that, if he elects to file another amended complaint, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 1950. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 1951 (quoting Twombly, 550 U.S. at 557).

Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings. The amended complaint will supersede the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in an amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff's amended complaint must include concise but complete factual allegations describing the conduct and events which underlie his claims.

/////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's July 18, 2011 amended complaint (Doc. No. 12) is dismissed with leave to amend.

2. Within thirty days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice. The amended complaint must bear the case number assigned to this action and must be titled "Second Amended Complaint."

3. Failure to respond to this order in a timely manner may result in a recommendation that this action be dismissed.

DATED: August 5, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
ddad1\orders.prose\watkins0620.lta2.order