IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT LOUIS WATKINS,

        Plaintiff,                    No. CIV S-10-0620 LKK DAD PS

    v.

JAMIE POPE, et al.,                  FINDINGS AND RECOMMENDATIONS

        Defendants.

_____/

        Plaintiff, Robert Watkins, is proceeding in this action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915 against the California Public Employees Retirement System, ("CALPERS"), and an individual named Jamie Pope. The case was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court is plaintiff's second complaint.

        Under 28 U.S.C. § 1915(e)(2), the court must dismiss the complaint at any time if the court determines that the pleading is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably

meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, --- U.S.---, ---, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555, 557. A plaintiff must allege with at least some degree of particularity

/////

overt acts which the defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.

Here, plaintiff's second amended complaint is comprised of a single page in which he states that due to "the nature of the event preparation and accomodation (sic) was so intense" that he missed "the filing date," and seeks "mercy from the court and [to] continue my civil court proceeding." (Sec. Am. Compl. (Doc. No. 17) at 1.)  Plaintiff goes on to allege that at some point in time he was evicted from his residence, moved to a homeless shelter in Vallejo, California, for a year, returned to Sacramento, California, and "went to the court house and found out their (sic) was court proceeding." (Id.)  Plaintiff states he "waited over a year before they would even hear" his case and that he was told that the matter "was stuck on the bailiff's desk for a year do (sic) to finicial (sic) evaluation." (Id.)  Attached to plaintiff's second amended complaint are eight pages of documents from an unlawful detainer/eviction action in the Yolo County Superior Court dated August 11, 2010, in which plaintiff was named as a defendant.

At the outset, the court notes that in this federal action plaintiff was granted leave to file a second amended complaint on October 11, 2011 and that the filing of his second amended complaint was timely.  In this regard, it does not appear that plaintiff missed any applicable filing deadline with respect to this matter.  Moreover, plaintiff filed his original complaint in this federal action on March 17, 2010, well over a year ago.  Since that time, plaintiff has filed two amended complaints.  Plaintiff's original complaint and his first amended complaint contained allegations that the defendants discriminated against plaintiff based on his race.  Plaintiff's second amended complaint is devoid of any such allegations and is even more factually sparse, vague and conclusory then his first amended complaint, which this court previously found failed to state a cognizable claim.  In short, after the filing of an original complaint and two amended complaints, it is still entirely unclear what plaintiff is attempting to allege that the named defendants did and how their actions allegedly harmed plaintiff.

/////

Accordingly, plaintiff's second amended complaint should be dismissed for failure to state a claim.

The undersigned has carefully considered whether plaintiff may further amend his complaint to establish a jurisdictional basis for proceeding in federal court and to state a cognizable federal claim upon which relief could be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). In light of the nature of the allegations and plaintiff's repeated failure to successfully amend his complaint, the undersigned finds that it would be futile to grant plaintiff further leave to amend.

Accordingly, IT IS RECOMMENDED that:

1. Plaintiff's October 24, 2011 second amended complaint (Doc. No. 17) be dismissed without leave to amend; and

2. This action be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 1, 2011.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
ddad1\orders.prose\watkins0620.dism.wolta.f&rs